# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN EUGENE SIMMONS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>)<br>RITE OF PASSAGE ATHLETIC )<br>TRAINING CENTERS AND SCHOOLS; )<br>DAVID HARPER; STEVEN ISBELL; and )<br>ANGELA ECKHARDT,  )<br>)<br>Defendants.  )<br>) | 1: 10-cv-1331 LJO-GSA<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO COMPEL<br><br><br><br>(Document 35) |

## I.   INTRODUCTION

On December 13, 2011, Plaintiff, Kevin Simmons, (hereinafter "Plaintiff") filed a Motion to Compel based on Defendant, Rite of Passage Athletic Training Centers and Schools' (hereinafter "Defendant") alleged failure to respond to Interrogatories. (Doc. 35). The matter was set for hearing on January 13, 2012 at 9:30 am. The Court determined that the matter was suitable for decision without oral argument and the hearing was vacated. (Doc. 38). Upon consideration of the pleadings, Plaintiff's Motion to Compel is GRANTED.

## II.   RELEVANT PROCEDURAL HISTORY

On July 23, 2010, Plaintiff filed this action against Defendant alleging unlawful employment discrimination practices pursuant to federal and state law, as well as state law claims for wrongful termination, defamation/slander, and intentional infliction of emotional distress. (Doc. 1).

1

On December 13, 2011, Plaintiff filed the instant motion requesting the Court issue an order requiring that Defendant produce responses to his First Set of Special Interrogatories, as well as pay Plaintiff's attorney's fees incurred for filing of this motion. (Doc. 28). On December 15, 2011, this Court issued a minute order requiring that the parties file a joint statement no later than seven days prior to the hearing, which was set for January 13, 2012. (Doc. 30).

As of January 9, 2012, no joint statement had been filed. The Court ordered Plaintiff to file a status report. (Doc. 31). Plaintiff advised the Court that he had talked with defense counsel on January 9, 2012, who represented that the discovery would be provided by January 11, 2012. (Doc. 32). Plaintiff requested that the matter be kept on calendar. The parties were ordered to advise the Court if the matter was resolved prior to the hearing. (Doc. 33).

By 1:46 pm on January 12th, one day before the hearing, no documents had been filed by either party. A minute order was issued vacating the hearing because Defendant had not filed a joint statement, nor any opposition to the motion, and that the matter had apparently not been resolved. (Doc. 34). At 2:33 pm that same day, defense counsel filed a non-opposition to the motion indicating he had been working with Plaintiff's counsel and would produce the documents by January 13, 2012. (Docs. 35 and 36). In the non-opposition, Defense counsel asserts that he did not violate a Court rule or otherwise fail to provide the discovery in bad faith. *Id*.

### III. PLAINTIFF'S MOTION

In support of the motion, Plaintiff's counsel alleges that on August 4, 2011, he served fifteen Special Interrogatories on Defendant and that responses were due on September 3, 2011. Declaration of Marc Hartley, dated December 13, 2011, at pg. 2. (Doc. 28-2). On September 7, 2011, Defendant had not produced the responses, but Plaintiff agreed to an extension until September 23, 2011. *Id*. By September 23, 2011, Defendant still had not produced the responses. Thereafter, Plaintiff's counsel attempted to contact Defendant's counsel several times in October but received no response. *Id*. Defense counsel did, however, sign a stipulation for an extension of deadlines in this case on November 4, 2011. *Id*. at 3. At the time Plaintiff filed the instant motion on December 15, 2011, he had not had any other communication with defense counsel regarding discovery requests. *Id*. Plaintiff's counsel had no other communication with Defendant's counsel until January 9, 2012, as outlined above.

**IV.   DISCUSSION**

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Fed. R. Civ. P. 33 (b) (1) (B) (2) requires that unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty days after being served.  Here, Defendant was properly served with the Interrogatories but has failed to provide them in any way. Furthermore, Defendant failed to timely respond to the motion. Pursuant to the Local Rules of this Court, parties are *required* to file a joint statement regarding any discovery dispute. LR 251(c).  There is an exception to filing the joint statement when there has been a complete failure to respond to a discovery request.  Local Rule 251(e) provides the following :

> Exceptions from Required Joint Statement re Discovery Disagreement
>
> The foregoing requirement for a joint statement re Discovery Dispute shall not apply in the following situations : (1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought is sanctions. In either instance, the aggrieved party may bring a motion for relief for hearing on fourteen (14) days notice. *The responding party shall file a response thereto no later than seven (7) days before the hearing date*.  The moving party may file and serve a reply thereto not less than two (2) days before the hearing date ...
> LR 251(e).

Thus, under either provision, Defendant was required to file a response and/or opposition to Plaintiff's motion.  Moreover, this Court explicitly ordered that a joint statement be filed in its minute order dated December 15, 2011. (Doc. 30).   Defendant not only failed to do so but also

did not have any communication with Plaintiff's counsel until January 9, 2012. .

Under Fed. R. Civ P. 37(d)(3) the court must require that the party failing to comply with the discovery rules pay reasonable expenses including attorneys fees when the failure was not substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). Defendant has offered no explanation that addresses either of these exceptions. Accordingly, Plaintiff's request for attorney's fees is granted.

**V.      CONCLUSION**

Based on the above, Plaintiff's Motion to Compel filed on December 15, 2011, is GRANTED. Within ten days, Defendant shall serve responses to Plaintiff's First Set of Special Interrogatories. If Plaintiff wishes to pursue his attorney's fee request, he shall submit the appropriate declaration and other supporting documentation within ten days of this order.

IT IS SO ORDERED.

Dated:   **January 18, 2012**              /s/ **Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE