1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| KEVIN EUGENE SIMMONS, ) | 1: 10-cv-1331 LJO-GSA |
| ) | |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT |
| v. ) | STEPHEN ISBELL'S MOTION TO |
| ) | SET ASIDE DEFAULT |
| ) | |
| RITE OF PASSAGE ATHLETIC ) | |
| TRAINING CENTERS AND SCHOOLS; ) | |
| DAVID HARPER; STEVEN ISBELL; and ) | |
| ANGELA ECKHARDT, ) | |
| ) | (Document 42) |
| Defendants. ) | |
| ) | |

**INTRODUCTION**

Pending before the Court is Defendant Steven Isbell's ("Defendant") Motion to Set Aside

Default. (Doc. 13). Plaintiff did not file an opposition to the motion. The matter was set for

hearing on April 13, 2012, at 9:30 am. The Court determined that the matter was suitable for

decision without oral argument. The matter was taken under submission and the hearing was

vacated on April 12, 2012. (Doc. 57).

**PROCEDURAL BACKGROUND**

On July 23, 2010, Plaintiff filed this action against Defendants Rite of Passage Athletic

Training Centers and Schools ("Rite of Passage"), David Harper, Stephen Isbell, and Angela

Eckhardt alleging unlawful employment discrimination practices pursuant to federal and state law,

as well as state law claims for wrongful termination, defamation/slander, and intentional infliction

1

1  of emotional distress. (Doc. 1).  All Defendants were served with the complaint on November 10,

2  2011. (Docs.10-12). Defendant Steven Isbell ("Defendant") failed to timely answer the complaint.

3  On December 9, 2011, Plaintiff requested that default be entered against Defendant Steven Isbell.

4  The Clerk of the Court entered default against this defendant on December 15, 2011.  (Docs. 14 &

5  16).  Defendant Isbell filed the instant motion on March 1, 2012.  (Doc. 42).

6  **DISCUSSION**

7       The district court has "especially broad" discretion in deciding whether to set aside an

8  entry of default.  *United States v. Brady*, 211 F.3d 499, 504 (9th Cir. 2000).  Rule 55(c) of the

9  Federal Rules of Civil Procedure provides that a court may set aside default for "good cause

10  shown."  The "good cause" standard that governs vacating an entry of default under Rule 55(c) is

11  the same standard that governs vacating a default judgment under Rule 60(b).  *Franchise Holding*

12  *II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004); *TCI*

13  *Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  The good cause analysis

14  considers three factors: (1) whether Defendants engaged in culpable conduct that led to the

15  default; (2) whether Defendants have a meritorious defense; or (3) whether reopening the default

16  judgment would prejudice Plaintiff.  *United States v. Signed Pers. Check No. 730 of Yubran S.*

17  *Mesle ("Mesle")*, 615 F. 3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC*, 375

18  F.3d at 925-926.  The court may deny the motion if any one of these factors exists.  *Id*.  In

19  considering the good cause factors, "judgment by default is a drastic step appropriate only in

20  extreme circumstances; a case should whenever possible be decided on the merits."  *Mesle*, 615 F.

21  3d at 1091 (quoting *Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984)).

22      **1.**    *Culpable Conduct*

23       Defendant contends he left the employ of Rite of Passage in August 2010 because of

24  severe health problems.  Shortly thereafter, he received papers from Marc Hartley, Plaintiff's

25  attorney in the mail, requesting that he sign and return the documents.  He understood that these

26  documents were an agreement to cooperate in the instant action without the need to receive

27  service of legal documents at his home.  Shortly thereafter, Mr. Isbell contacted Rite of Passage to

28  inform them that he intended to cooperate with the lawsuit, however, he also noted that he had

2

1  serious health concerns.  These health issues included a serious heart condition resulting in

2  numerous hospitalizations and prostate cancer.  In addition to at least two hospitalizations in

3  2010, he had undergone radiation therapy and chemotherapy in 2011 to treat his cancer.  He also

4  suffers from and anxiety disorder and regular panic attacks.  As a result of all of the above, he

5  thought that Rite of Passage was going to respond to the complaint on his behalf. *See*, Declaration

6  of Stephen Isbell dated February 29, 2012 (Doc. 42-3).

7        "A defendant's conduct is culpable if he has received actual or constructive notice of the

8  filing of the action and intentionally failed to answer." *TCI Group*, 244 F.3d at 697 (emphasis in

9  original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th

10  Cir.1988)).  However, the Ninth Circuit has also held that "intentionally means that a movant

11  cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to

12  treat a failure to answer as culpable, the movant must have acted with bad faith, such as an

13  intention to take advantage of the opposing party, interfere with judicial decisionmaking, or

14  otherwise manipulate the legal process." *Mesle*, 615 F. 3d at 1092 *quoting*, *TCI Group*, 244 F.3d

15  at 697

16        In this case, there is no evidence that Defendant Isbell acted in bad faith or manifested

17  malicious intent.  Therefore, his actions are not culpable.

18        **2.    *Meritorious Defense***

19        A defendant seeking to set aside an entry of default must present specific facts that would

20  constitute a defense.  *TCI Group,* 244 F. 3d at 700.  However, this burden is not "extraordinarily

21  heavy." *Id*. at 700.  "All that is necessary to satisfy the meritorious defense requirement it to

22  allege sufficient facts that, if true, would constitute a defense... ." *Mesle*, 615 F. 3d at 1094 (citing

23  TCI Group, 244 F. 3d at 700).

24        Defendant contends that the allegations against him relate to defamation and intentional

25  infliction of emotional distress.  Specifically, Plaintiff alleges that Defendant Isbell made false

26  statements about Plaintiff to other Rite of Passage personnel.  Defendant Isbell contends that these

27  accusations against him are entirely false.

28        Upon a review of the arguments, Defendant has proffered sufficient facts and theories to

3

1  constitute a meritorious defense.  To meet the meritorious defense requirement, Defendant need

2  not establish his defense, he only needs to allege sufficient facts that, if true, would merit a

3  defense. "The question of whether the factual allegations are true is not to be determined by the

4  court when it decides the motion to set aside the default. Rather, that question would be the

5  subject of later litigation." *Mesle*, 615 F. 3d at 1094 (citing TCI Group, 244 F. 3d at 700).  Here,

6  Defendant should be allowed to present facts and arguments to the Court so that a trier of fact can

7  determine the factual and legal sufficiency his defense.

8         **3.     *Prejudice to Plaintiff***

9         Finally, the Court must consider whether Plaintiff will suffer any prejudice if the entries

10 of default are set aside.  *Knoebber*, 244 F.3d at 696.  To be prejudicial, the setting aside of the

11 default "must result in greater harm than simply delaying the resolution of the case.  Rather, the

12 standard is whether the plaintiff's ability to pursue his claim will be hindered." *Id*. at 701, citing

13 *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1994).

14        Plaintiff has not opposed the motion.  Moreover, Defendant Isbell has represented that he

15 will make himself available for a deposition and that the current scheduling order will not be

16 disturbed.  He also indicates that he is not major player in the lawsuit.  Under these circumstances,

17 there is no prejudice to Plaintiff.

18                                    **ORDER**

19        Given the above, the following in hereby ordered :

20        1) Defendant Isbell's Motion to Set Aside Default is GRANTED.  The default entered

21 against him on December 15, 2011 is set aside. (Docs. 16);

22        3) Defendant Isbell shall file an Answer within ten days of the date of this order;

23        4) The pretrial conference will remain as scheduled on May 22, 2012 before Judge O'Neill

24 in Courtroom 4.

25

26 Dated : May 4, 2012                                    Gary S. Austin
                                                        Gary S. Austin
27                                                      United States Magistrate Judge

28

                                            4