UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN EUGENE SIMMONS,<br><br>         Plaintiff,<br><br>    v.<br><br>RITE OF PASSAGE ATHLETIC TRAINING CENTERS AND SCHOOLS; DAVID HARPER; STEVEN ISBELL; and ANGELA ECKHARDT,<br><br>         Defendants. | 1: 10-cv-1331 LJO-GSA<br><br>ORDER GRANTING DEFENDANT STEPHEN ISBELL'S MOTION TO SET ASIDE DEFAULT<br><br><br><br>(Document 42) |

**INTRODUCTION**

Pending before the Court is Defendant Steven Isbell's ("Defendant") Motion to Set Aside Default. (Doc. 13). Plaintiff did not file an opposition to the motion. The matter was set for hearing on April 13, 2012, at 9:30 am. The Court determined that the matter was suitable for decision without oral argument. The matter was taken under submission and the hearing was vacated on April 12, 2012. (Doc. 57).

**PROCEDURAL BACKGROUND**

On July 23, 2010, Plaintiff filed this action against Defendants Rite of Passage Athletic Training Centers and Schools ("Rite of Passage"), David Harper, Stephen Isbell, and Angela Eckhardt alleging unlawful employment discrimination practices pursuant to federal and state law, as well as state law claims for wrongful termination, defamation/slander, and intentional infliction

of emotional distress. (Doc. 1).  All Defendants were served with the complaint on November 10, 2011. (Docs.10-12). Defendant Steven Isbell ("Defendant") failed to timely answer the complaint. On December 9, 2011, Plaintiff requested that default be entered against Defendant Steven Isbell. The Clerk of the Court entered default against this defendant on December 15, 2011.  (Docs. 14 & 16).  Defendant Isbell filed the instant motion on March 1, 2012.  (Doc. 42).

## DISCUSSION

The district court has "especially broad" discretion in deciding whether to set aside an entry of default.  *United States v. Brady*, 211 F.3d 499, 504 (9th Cir. 2000).  Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside default for "good cause shown."  The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b).  *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  The good cause analysis considers three factors: (1) whether Defendants engaged in culpable conduct that led to the default; (2) whether Defendants have a meritorious defense; or (3) whether reopening the default judgment would prejudice Plaintiff.  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F. 3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC*, 375 F.3d at 925-926.  The court may deny the motion if any one of these factors exists.  *Id*.  In considering the good cause factors, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should whenever possible be decided on the merits."  *Mesle*, 615 F. 3d at 1091 (quoting *Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984)).

**1.    *Culpable Conduct***

Defendant contends he left the employ of Rite of Passage in August 2010 because of severe health problems.  Shortly thereafter, he received papers from Marc Hartley, Plaintiff's attorney in the mail, requesting that he sign and return the documents.  He understood that these documents were an agreement to cooperate in the instant action without the need to receive service of legal documents at his home.  Shortly thereafter, Mr. Isbell contacted Rite of Passage to inform them that he intended to cooperate with the lawsuit, however, he also noted that he had

serious health concerns. These health issues included a serious heart condition resulting in numerous hospitalizations and prostate cancer. In addition to at least two hospitalizations in 2010, he had undergone radiation therapy and chemotherapy in 2011 to treat his cancer. He also suffers from and anxiety disorder and regular panic attacks. As a result of all of the above, he thought that Rite of Passage was going to respond to the complaint on his behalf. *See*, Declaration of Stephen Isbell dated February 29, 2012 (Doc. 42-3).

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988)). However, the Ninth Circuit has also held that "intentionally means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F. 3d at 1092 *quoting*, *TCI Group*, 244 F.3d at 697

In this case, there is no evidence that Defendant Isbell acted in bad faith or manifested malicious intent. Therefore, his actions are not culpable.

**2.     *Meritorious Defense***

A defendant seeking to set aside an entry of default must present specific facts that would constitute a defense. *TCI Group,* 244 F. 3d at 700. However, this burden is not "extraordinarily heavy." *Id*. at 700. "All that is necessary to satisfy the meritorious defense requirement it to allege sufficient facts that, if true, would constitute a defense... ." *Mesle*, 615 F. 3d at 1094 (citing TCI Group, 244 F. 3d at 700).

Defendant contends that the allegations against him relate to defamation and intentional infliction of emotional distress. Specifically, Plaintiff alleges that Defendant Isbell made false statements about Plaintiff to other Rite of Passage personnel. Defendant Isbell contends that these accusations against him are entirely false.

Upon a review of the arguments, Defendant has proffered sufficient facts and theories to

constitute a meritorious defense. To meet the meritorious defense requirement, Defendant need not establish his defense, he only needs to allege sufficient facts that, if true, would merit a defense. "The question of whether the factual allegations are true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of later litigation." *Mesle*, 615 F. 3d at 1094 (citing TCI Group, 244 F. 3d at 700). Here, Defendant should be allowed to present facts and arguments to the Court so that a trier of fact can determine the factual and legal sufficiency his defense.

### 3. *Prejudice to Plaintiff*

Finally, the Court must consider whether Plaintiff will suffer any prejudice if the entries of default are set aside. *Knoebber*, 244 F.3d at 696. To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case. Rather, the standard is whether the plaintiff's ability to pursue his claim will be hindered." *Id*. at 701, citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1994).

Plaintiff has not opposed the motion. Moreover, Defendant Isbell has represented that he will make himself available for a deposition and that the current scheduling order will not be disturbed. He also indicates that he is not major player in the lawsuit. Under these circumstances, there is no prejudice to Plaintiff.

### ORDER

Given the above, the following in hereby ordered :

1) Defendant Isbell's Motion to Set Aside Default is GRANTED. The default entered against him on December 15, 2011 is set aside. (Docs. 16);

3) Defendant Isbell shall file an Answer within ten days of the date of this order;

4) The pretrial conference will remain as scheduled on May 22, 2012 before Judge O'Neill in Courtroom 4.

Dated : May 4, 2012                                   Gary S. Austin
                                                      Gary S. Austin
                                                      United States Magistrate Judge